**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**Mark Geragos, Pro Hac Pending**
Of Trial Attorneys for Plaintiff
**Ben Meiselas, Pro Hac Pending**
Of Trial Attorneys for Plaintiff
Geragos & Geragos
Historic Engine Co. No. 28
644 South Figueroa Street
Los Angeles, California 90017
geragos@geragos.com
Phone 213-625-3900

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **HEATHER GONSIOR,** an Oregon consumer, individually and on behalf of all others similarly situated, | Case No. 3:17-cv-963 |
| | **CLASS ACTION ALLEGATION COMPLAINT** |
| Plaintiff, | Unlawful Trade Practices |
| v. | 28 U.S.C. § 1332 |
| **CENTURYLINK, INC.**, a foreign corporation, | Demand for Jury Trial |
| Defendant. | |

**COMPLAINT** – Page 1 of 14

1.

**THE PARTIES IN THIS CASE**

CenturyLink, Inc. is a multi-billion dollar corporation incorporated in Louisiana. As part of its billing pattern and practice, CenturyLink, Inc. systematically and intentionally overcharged tens of thousands of Oregon customers for its communication services. Complaints from Oregon customers about CenturyLink, Inc.'s unlawful billing tactics have spiked in the past three years, and continue to pour in by the thousands.



2.

Heather Gonsior (plaintiff) is an individual residing in Portland, Oregon. On April 21, 2017, she discovered that CenturyLink, Inc. had misled her about the cost of its services, and had billed her a hidden $240 fee that it had previously failed to disclose when it advertised its services.

**COMPLAINT** – Page 2 of 14

3.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the aggregate claims of the Oregon class members exceed $260 million. Venue is proper under 28 U.S.C. § 1391 because the bulk of sales and advertising of CenturyLink, Inc.'s communication services in Oregon took place in Multnomah County. This complaint's allegations are based on personal knowledge as to plaintiff's conduct and made on information and belief as to the acts of others.

4.

## FACTUAL ALLEGATIONS

To gain an advantage over its competitors and to increase profits, CenturyLink, Inc. systematically engaged in unlawful billing tactics throughout Oregon. CenturyLink, Inc.'s pattern and practice of misleading customers about the costs of its services are well-known within the industry, and among utility regulators.

5.

On March 5, 2016, CenturyLink, Inc. sent two salespeople to plaintiff's door asking if she wanted to sign up for its new fiber service that it said had recently become available in her neighborhood.

6.

CenturyLink, Inc. knew plaintiff wasn't interested in increasing her existing bill amount, and CenturyLink, Inc. assured plaintiff that by signing up for its new bundled service, she could lock in a rate for one year that would be less than her current bill amount.

7.

As part of its systematic pattern and practice, at no time did CenturyLink, Inc. disclose to plaintiff that it intended to charge her more than double the bill amount she was promised.

8.

As part of its systematic pattern and practice, at no time did CenturyLink, Inc. disclose to plaintiff that it intended to charge her a $240 fee if she later tried to drop its bundled service in order to reduce her bill amount to what it should have been.

9.

On April 21, 2017, plaintiff discovered for the first time that CenturyLink, Inc. had misled her about the cost of its bundled service and had intentionally failed to disclose a $240 hidden fee that CenturyLink, Inc. had intended to charge her. Had plaintiff known about CenturyLink, Inc.'s misleading cost representations or known about its hidden fee at the time of purchase, she never would have signed up for its new bundled service.

10.

Prior to filing this complaint, plaintiff and her husband spent several hours on the phone and online trying to get answers from CenturyLink, Inc. But CenturyLink, Inc. just gave them the runaround and continued to overbill for its services.



11.

Plaintiff later discovered she wasn't alone. As it turned out, several of plaintiff's neighbors were also ripped off by CenturyLink, Inc.'s unlawful billing tactics.

**COMPLAINT** – Page 5 of 14

12.

A March 8, 2017 article by *The Oregonian* reporter Mike Rogoway documented stories of various Oregon customers who complained of CenturyLink, Inc.'s unlawful billing tactics and door-to-door sales.



**Click to Read *The Oregonian* Article**

**COMPLAINT** – Page 6 of 14

15.

Then on June 14, 2017, former CenturyLink, Inc. employee Heidi Heiser filed a whistleblower complaint in Arizona alleging that CenturyLink, Inc. terminated her after she reported the unlawful billing tactics she had observed.

16.

Ms. Heiser's allegations of what she observed, and what CenturyLink, Inc.'s corporate culture encouraged, are consistent with the experiences of plaintiff and the numerous Oregon customers who came forward to complain in the March 8, 2017 article about CenturyLink, Inc. in *The Oregonian*.

17.

CenturyLink, Inc.'s unlawful billing tactics in Oregon include billing customers for services the customers never requested, billing higher amounts than quoted during sales calls and door-to-door sales campaigns, billing customers for hidden fees when they canceled their services due to the higher amounts they were being billed, billing customers for periods of service before service was connected, and overbilling customers for returned equipment.

18.

## CLASS ALLEGATIONS

The Oregon class consists of Oregon customers who:

**a)** bought and paid for CenturyLink, Inc.'s communication services for use in Oregon, and

**b)** after June 19, 2016, discovered that CenturyLink, Inc.'s had overbilled or charged a hidden fee that CenturyLink, Inc. had previously failed to disclose, as part of one of the unlawful billing tactics described above, causing an economic loss.

19.

Excluded from the class are all attorneys for the class, officers and directors of CenturyLink, Inc., including officers and directors of any entity with an ownership interest in CenturyLink, Inc., any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

20.

The exact number of aggrieved CenturyLink, Inc. customers in Oregon can be determined based on CenturyLink, Inc.'s customer records and data, and based on social media complaints and complaints publicly filed with the State of Oregon, including the Public Utility Commission and the Oregon Attorney General.

21.

Every aggrieved Oregon customer who CenturyLink, Inc. subjected to an unlawful billing tactic as described above suffered an actual ascertainable loss of the difference between what the customer was charged and the lower amount that CenturyLink, Inc. represented the customer would be charged.

22.

CenturyLink, Inc.'s conduct as alleged in this complaint willfully violated the Oregon Unlawful Trade Practices Act ("UTPA"), including ORS 646.608(1)(e), (g), (i), (j), (s), and (t) and ORS 646.611(2). This UTPA violation is common to the Oregon class.

23.

The class is so numerous that joinder is impracticable. Upon information and belief, the Oregon class includes tens of thousands of members based on the volume of CenturyLink, Inc.'s subscriber base ($4.4 billion total revenue and 5.9 million subscribers as of Q2 2016).

24.

Common questions of fact and law predominate over any questions affecting only individual class members. Common questions include whether plaintiff and the Oregon class members are entitled to equitable and injunctive relief, whether an injunction to prevent future harm is appropriate, whether CenturyLink, Inc. acted willfully,

recklessly, knowingly, and or intentionally, whether plaintiff and the Oregon class members are entitled to recover actual damages or statutory damages or punitive damages from CenturyLink, Inc., and whether plaintiff and the Oregon class are entitled to recover fees and costs for CenturyLink, Inc.'s UTPA violation.

25.

Plaintiff's claims are typical of the claims of the Oregon class because each was misled by CenturyLink, Inc.'s systematic overbilling tactics, the injuries suffered by plaintiff and the Oregon class members differ only in the amount they were overbilled, and plaintiff's claim for relief is based upon the same legal theories as are the claims of the other class members. Plaintiff will fairly and adequately protect and represent the interests of the class because her claim is typical of the claims of the Oregon class, she is represented by nationally known and locally respected attorneys who have experience handling class action litigation and consumer protection cases who are qualified and competent, and who will vigorously prosecute this litigation, and their interests are not antagonistic or in conflict with the interests of the Oregon class.

26.

A class action is superior to other methods for fair and efficient adjudication of this case because common questions of law and fact predominate over other factors affecting only individual members, as far as plaintiff knows, no class action that purports to include Oregon customers suffering the same injury has been commenced in Oregon, individual class members have little interest in controlling the litigation, due to the high cost of actions, the relatively small amounts of damages, and because plaintiff and her attorneys will vigorously pursue the claims. The forum is desirable because the bulk of sales of CenturyLink, Inc.'s communication services in Oregon were sold in Multnomah County. A class action will be an efficient method of adjudicating the claims of the class members who have suffered relatively small damages, as a result of the same conduct by CenturyLink, Inc. In the aggregate, class members have claims for relief that are significant in scope relative to the expense of litigation. Injunctive relief will prevent further ongoing harm to Oregon consumers, and the availability of CenturyLink, Inc.'s customer records and data will facilitate proof of class claims, processing class claims, and distributions of any recoveries. To the extent Oregon customers who were overbilled by CenturyLink, Inc. cannot be located, their monies may be distributed through a cy pres process.

27.

## OREGON CLASS CLAIM FOR RELIEF

## VIOLATION OF ORS 646.608

CenturyLink, Inc. willfully, recklessly, knowingly and intentionally violated ORS 646.608 and ORS 646.611 as alleged above, causing plaintiff and the Oregon class ascertainable losses.

28.

Plaintiff and the Oregon class are also entitled to equitable relief in the form of an accounting, restitution, and unless agreed upon by CenturyLink, Inc., an order to preserve all documents and information (and electronically stored information) including advertising and billing procedures, customer records and data pertaining to this case. Plaintiff and the Oregon class are entitled to recover actual damages or $200 statutory damages, whichever is greater, interest and fees and costs under ORS 646.638. CenturyLink, Inc.'s violation of the UTPA as alleged above was reckless, in pursuit of profit, and constituted a wanton, outrageous and oppressive violation of the right of Oregon consumers to be free from unlawful billing tactics. Plaintiff and the Oregon class are entitled to recover punitive damages under ORS 646.638.

29.

Demand for jury trial.

## PRAYER FOR RELIEF

Plaintiff seeks relief for herself and the proposed Oregon class as follows:

**A.** Unless agreed upon by CenturyLink, Inc., an order to preserve all documents and information (and electronically stored information) including advertising and billing procedures, customer records and data pertaining to this case,

**B.** An order certifying this matter as a class action,

**C.** Judgment against CenturyLink, Inc. for actual, statutory, and punitive damages, interest, and reimbursement of fees and costs,

**D.** And other relief the Court deems necessary.

June 19, 2017

             **RESPECTFULLY FILED,**

             s/ Michael Fuller
             **Michael Fuller, OSB No. 09357**
             Lead Trial Attorney for Plaintiff
             **Rex Daines, OSB No. 952442**
             Of Attorneys for Plaintiff
             Olsen Daines PC
             US Bancorp Tower
             111 SW 5th Ave., Suite 3150
             Portland, Oregon 97204
             michael@underdoglawyer.com
             Direct 503-201-4570

# PROOF OF MAILING

Under ORS 646.638(2), I declare and certify that on the date below I caused a copy of this complaint to be mailed to the Oregon Attorney General at the following address:

**Ellen Rosenblum**
**Oregon Attorney General**
**Oregon Department of Justice**
**1162 Court Street NE**
**Salem, Oregon 97301-4096**

June 19, 2017

/s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570